| | |
|---|---|
| MARY E. SHIPLEY, ) ) Plaintiff, ) ) v. ) ) CAROLYN COLVIN, ) Acting Commissioner of Social Security, ) ) Defendant. ) ) | O R D E R |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 21 & 24]. A hearing on this matter was held in Raleigh, North Carolina on August 16, 2013 at 11:30 a.m. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Administrative Law Judge is REVERSED.

## BACKGROUND

Plaintiff protectively filed for disability insurance benefits and supplemental security income on July 17, 2009. The plaintiff alleged a disability onset date of July 1, 1996. Her application for benefits was denied initially and upon reconsideration. Ms. Shipley requested an administrative hearing and on May 4, 2011 such a hearing was held before an Administrative Law Judge (ALJ). On May 25, 2011 the ALJ denied the plaintiffs claim. The plaintiff sought review of the ALJ's decision by the Appeals Council, but that request was denied on February 24, 2012 making the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

The plaintiff allegedly suffers from back disorders, hypertension, headaches, asthma, obesity, anxiety, depression, kidney problems, and other ailments.

In 2002, the plaintiff saw neurologist C. Daniel Hall, M.D. who noted that she suffered from frequent urination, burning urination, stiffness in her knees, and swelling of her hands and lower extremities [Tr. 332]. At the time she was also being treated for lower back pain.

From 2003-2007, Ms. Shipley suffered from various conditions including worsening of her back pain and failed back and neck surgery. By 2008, Ms. Shipley was suffering from a recurrent urinary tract infection and declining kidney function. In March 2008, Ms. Shipley underwent the removal of her left kidney, but that did not resolve the recurrent urinary tract infection. [Tr. 475]. By June 2008, the plaintiff was on steroids to treat these infections, had been gaining weight, and had low energy levels. At that time she was also experiencing plantar fasciitis in her right foot.

While Ms. Shipley's back pain had been worsening and her kidney function had been declining, she was also suffering from asthmatic bronchitis. The bronchitis became so severe that the claimant was hospitalized in late 2008. [Tr. 789]. She was again hospitalized in June 2009, February 2009, and June 2009 for the same condition. During this period, the plaintiff was also suffering from abdominal pain, and narcotic withdrawal (the result of long-term morphine use for the treatment of her extreme pain). Late in 2009 the plaintiff visited the emergency room because she was suffering from hypertension. [Tr. 926]. The plaintiff's ailments, which also include being morbidly obese and suffering from thyroid cancer, are encyclopedic and, as the Court noted at the hearing on this matter her conditions "could comprise a med school final

exam." There is simply no question that Ms. Shipley has suffered from incredible pain and devastating medical conditions over the last fifteen years or so.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves

on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred by concluding at step five that the plaintiff was capable of performing work other than her past relevant work. The ALJ relied on the testimony of a vocational expert in assessing what work the plaintiff might be able to perform. The ALJ presented several hypotheticals to the vocational expert that resulted in a cumulative hypothetical with the following restrictions: An individual capable of performing sedentary work, who must avoid concentrated exposure to respiratory irritants, who needs to alternate position at will, who can only occasionally perform tasks that require bilateral manipulation, and who would need to lie down for one to two hours a day. [Tr. 70-73]. To that cumulative hypothetical the vocational expert responded that there would no jobs available to such an individual. In the ALJ's opinion, however, she applied a hypothetical that did not include restrictions on bilateral manipulation or the need to lie down for two one-hour periods daily. In response to that hypothetical, the vocational expert had replied that there were numerous jobs existing in the economy. The substantial evidence, however, supports a finding that Ms. Shipley's bilateral manipulation is limited and that she needs to lie down for extended periods of time.

The ALJ relied heavily on Ms. Shipley's statement that she cross-stitches as evidence that she has significant dexterity. However, this evidence is strongly contradicted by the statements of Ms. Shipley's treating physician and her own statements that she is unable to finish a cross-stitching project. Further, Ms. Shipley's testimony that she needed to lie down for an hour twice a day is supported by other evidence in the record. Evidence of Ms. Shipley's pain, as well as her

shortness of breath, explain why it would be nearly impossible for the claimant to engage in any kind of activity for a significant length of time without some occasional respite. Thus, the appropriate hypothetical presented to the vocational expert included limitations on the claimant's bilateral manipulation and need to lie down for two hours per day and resulted in testimony supporting a finding that the plaintiff would not be able to perform any job that was available in the economy. As such, the substantial evidence supports a finding that the plaintiff is disabled and is entitled to benefits.

Although the plaintiff is entitled to benefits, she is not entitled to disability insurance benefits. In order to qualify for disability insurance benefits a claimant must show that she became disabled prior to her date last insured. *Johnson v. Barnhart*, 434 F.3d 650, 655-56 (4th Cir. 2005). Ms. Shipley's date last insured was December 31, 2001 and there is not substantial evidence to support a finding that she was disabled before that date. The record supports a finding that Ms. Shipley was disabled by the end of 2002 when she was suffering from extreme back pain, a recurrent urinary infection, and other ailments.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v, Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This 21 day of August, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE